[Civ. No. 2943.   Fourth Dist.   Dec. 2, 1941.]

JOE SALGADO, Respondent, v. ROY S. MATSUI et al., Appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and John Y. Maeno for Appellants.

N. D. Meyer and Forgy, Reinhaus & Forgy for Respondent.

BARNARD, P. J.—This is an action for damages for personal injuries and property damage resulting from a collision between an automobile driven by the plaintiff and a truck driven by one of the defendants and owned by the other defendants. On a first trial a jury returned a verdict in favor of the plaintiff for $7833. A new trial was granted because of conceded errors in the instructions. By stipulation, the cause was submitted to the trial judge upon the transcript of the evidence received at the former trial. The trial judge also visited the scene of the accident. The court found in favor of the plaintiff upon all of the issues, and awarded damages in the same amount as the verdict of the jury. From the judgment entered, the defendants have appealed.

The collision occurred at about 6:30 p. m. on August 18, 1940, a few miles southerly from Santa Ana and near the intersection of Highway 101 and Culver Road. At that point Highway 101 is a three-lane highway and Culver Road, which intersects it at approximately right angles, is a paved highway. As you approach this intersection from the north Highway 101 curves to the right so that the intersection is on the curve, and there is also a slight rise in grade at that point.

On the occasion in question the respondent was driving southerly on the right-hand side of Highway 101. As he approached this intersection he turned toward the middle

lane, straddling the first white line and at the same time extended his left arm signaling for a left turn, with the intention of turning to the left on Culver Road. As he neared the intersection he moved further to the left until his car was almost or entirely in the middle lane. He slowed down and was traveling about ten miles an hour at the time of the collision, which occurred 98 feet northerly from the intersection. As the respondent was thus proceeding the driver of the appellant's truck, who will be referred to as the appellant, was approaching the same intersection from a southerly direction. There is evidence that he was traveling at from 50 to 55 miles an hour, and it appears without dispute that he was traveling in the center lane or that at least one-half of his truck was in that lane. The truck struck the respondent's car a short distance northerly from the intersection, damaging that car along its entire left side. The respondent's left arm, which was extended in a left-turn signal, was so badly injured that it was necessary to amputate it near the middle of the forearm.

The only questions raised are whether the evidence supports the finding that the appellant was guilty of negligence, and whether contributory negligence on the part of the respondent appears as a matter of law. While the appellant maintains that there is no conflict in the evidence he relies on portions thereof which are in sharp conflict with other portions and upon inferences therefrom which are entirely at variance with other inferences which might reasonably be drawn. In this manner he arrives at the conclusion that the respondent, when within 35 feet of the point of impact, suddenly turned his car into the center lane and into the side of appellant's truck when he knew that that truck was already in the middle lane, where it was lawfully entitled to be. On the other hand, a part of the evidence, and apparently a preponderance thereof, indicates that as the respondent was slowly traveling in the center lane and properly signaling for a left-hand turn his car was struck by appellant's truck, and that the appellant was cutting the curve at a rapid speed at a time when he had no lawful right to be in the middle lane and when he had ample opportunity, after seeing the respondent's car, to take proper steps to avoid the accident.

It would serve no useful purpose to review all of the evidence. It is argued that the appellant was passing another car and was lawfully in the middle lane and that the respondent had seen his truck while it proceeded a distance of some 700 feet and knew, or should have known, that it was then traveling in the middle lane. The evidence is conflicting with respect to whether the appellant had passed another car at a point which would have affected this accident, and a part of the evidence justifies the inference that he had ample time after passing any other car to return to his proper lane. An officer testified that the appellant told him immediately after the accident that he had passed no other cars since leaving Irvine, which was some miles away. Moreover, if appellant's version of the evidence be accepted it would appear that he must have passed the other car at the intersection which was, in itself, unlawful. Whether or not the appellant had a right to be traveling in the middle lane, and whether he was not some 600 or 700 feet away at the time the respondent entered that lane were pure questions of fact. It cannot be held, as a matter of law, that he was free from negligence and the evidence sufficiently supports the finding that he was negligent.

With respect to the issue of contributory negligence on the part of the respondent there is evidence that he could not have seen, at least for a considerable part of the time after he observed the approaching truck, that this truck was traveling in the middle lane on account of the curve and rise in grade of the highway. He reduced his speed and was almost stopped at the time of the collision. He had moved over into the proper lane to make the left turn and was giving the proper signal at and before the time of the accident. In view of the curve in the highway, the speed at which the truck was coming, and all of the other circumstances which appear, it is merely a matter of conjecture whether the respondent could have safely proceeded to complete his turn a second or two earlier, or whether he could have returned to his right-hand lane in time to have avoided the oncoming truck. It may reasonably be inferred that he was confronted with a real and sudden peril and whether or not he did the best possible thing is not the controlling factor.

The entire question as to his contributory negligence is clearly one of fact and not one of law.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.